UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KENNETH W. GIBBS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 1:15-cv-1650-TWP-DKL |
| | ) |
| WENDY KNIGHT, | ) |
| | ) |
| Respondent. | ) |
| | ) |

**Entry and Order Dismissing Action**

In a prison disciplinary proceeding identified as No. CIC 15-06-0354, Kenneth Gibbs was found guilty of an offense at the disciplinary hearing and was sanctioned. That determination has since been vacated and a new hearing will be conducted. [dkt. 5]. The respondent argues that this action is now moot and must be dismissed. Mr. Gibbs has opposed the motion to dismiss by filing a "writ of quo warranto." [dkt. 8].

**Discussion**

A case becomes moot, and the federal courts lose subject matter jurisdiction, when a justiciable controversy ceases to exist between the parties. *See Church of Scientology of Cal. v. United States,* 506 U.S. 9, 12 (1992) ("if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed.") (*quoting Mills v. Green,* 159 U.S. 651, 653 (1895)); *Honig v. Doe,* 484 U.S. 305, 317 (1988) (grounding mootness doctrine in the Constitution's Article III requirement that courts adjudicate only "actual, ongoing cases or controversies"). "A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citations omitted).

In this case, the disciplinary proceedings associated with No. CIC 15-06-0354 were vacated and the case was remanded to the facility for a rehearing. [dkt. 5-2].

Mr. Gibbs filed a response on January 19, 2016, titled "writ of quo warranto." In the response, Mr. Gibbs alleges that the motion to dismiss is without merit and not supported by the record or documentary evidence.

However, the record supports the fact that the sanctions were vacated and a re-hearing was to occur. [dkt. 5-2]. These developments render this action moot.

## Conclusion

Because there is no sanction affecting the fact or duration of confinement in this case, the petition must be dismissed as moot.

The respondent's motion to dismiss [dkt. 5] is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 1/22/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

Kenneth W. Gibbs,   #30344
Correctional Industrial Facility
Inmate Mail/Parcels
5421 West Reformatory Road
Pendleton, IN  46064